**Davis C. HERRON, Plaintiff-Appellant,**

v.

**Otis W. BOWEN, Secretary of Health & Human Services, Defendant-Appellee.**

No. 85–1192
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 5, 1986.

Carl Weisbrod, Dallas, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Charles N. Ory, Asst. U.S. Atty., Ms. Gayla Fuller, Acting Regional Atty., Office of Gen. Karen J. Behner, Atty., Counsel, Dept. of Health & Human Services, Dallas, Tex., for defendant-appellee.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

PER CURIAM:

The plaintiff, Davis C. Herron, appeals from a district court order denying him an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)–(B). By unpublished opinion, a panel of this court affirmed the district court. *Herron v. Heckler*, No. 85–1192, 772 F.2d 902 (5th Cir. Aug. 27, 1985). Subsequently, we vacated this opinion and granted panel rehearing, *Herron v. Heckler*, 775 F.2d 603 (5th Cir.1985), requesting supplemental briefing on the following issues: 1) whether the 1985 amendments to the Equal Access to Justice Act should have been applied to this case; and 2) whether under the amendments and the

standards set forth therein the request for attorneys' fees should have been granted.

Though the amended statute does apply, its changes would not require a different result in this case. Nevertheless, having carefully reviewed the record once again, we conclude that our original decision was in error. Therefore, we direct that the petitioner's request for fees be granted and remand for a determination of the appropriate amount.

## I.

Davis Herron was a Professor in the Department of Religious Studies at Manhattan College. In December of 1980, at age 52, and after a history of treatment for psychiatric disorders, he manifested symptoms of a psychiatric condition that forced him to take a leave of absence from his job and caused him to voluntarily hospitalize himself for treatment. On March 31, 1981, he filed an application for disability insurance benefits pursuant to 42 U.S.C. §§ 416(i) & 423, alleging that he had been unable to work since December 7, 1980, due to hypertension, depression, and anxiety.

After the Social Security Administration denied Herron's application both initially and upon reconsideration, he took his case to an administrative law judge who heard his claim on November 12, 1981. The ALJ concluded that Herron was ineligible for benefits as his impairment was not severe and he was not disabled. On appeal, the Social Security Appeals Council originally denied Herron's request for review, but later, in January of 1983, did an about-face—the Council concluded that Herron's impairments were severe, as contemplated by 20 C.F.R. §§ 404.1520–21, and precluded Herron's past work as a professor of religious studies. The Council vacated the ALJ's first decision and ordered a supplemental hearing be held to obtain the testimony of a vocational expert, and determine what jobs, if any, Herron would be able to perform.

After the conclusion of the second hearing, the ALJ again determined that Herron's impairments of "bipolar order, depressed, without psychotic features" did not render him eligible for benefits. On August 30, 1983 the Appeals Council adopted the findings and conclusion of the administrative law judge.

Undaunted by his thus far fruitless attempts to receive disability benefits from the Secretary, Herron took his claim to district court, where he at last prevailed. The case was referred to a magistrate, who found that the Secretary's decision to withhold benefits from Herron was not based upon substantial evidence. The district court independently reviewed the record, adopted the findings and conclusion of the magistrate, and granted Herron the benefits he requested on a motion for summary judgment. Shortly thereafter, this application for fees was filed.

## II.

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorneys' fees against the United States to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act was intended to award "private litigants the expenses of seeking review of or defending against unreasonable government action" and "to encourage litigants of limited means to vindicate their rights by challenging regulations or agency actions that they would otherwise comply with in order to avoid paying the costs of litigation." *Russell v. National Mediation Board*, 764 F.2d 341, 344 (5th Cir.) ("*Russell I*"), *vac. on other grounds and remanded*, 775 F.2d 1284 (5th Cir.1985) ("*Russell II*").

On August 5, 1985, Congress reenacted and amended the EAJA. A panel of this court has, after a careful review of the pertinent statutory provisions, concluded that, *inter alia*, the clarifying amendments of the new statute apply to fee applications pending on the date of enactment. *Russell II, supra*, 775 F.2d at 1285–88. As this fee application was still pending on August 5,

1985, the amendments to the EAJA clearly apply.

█ Both prior to and after the 1985 amendments to the EAJA, a successful EAJA petitioner had to show that he was the prevailing party. There is no doubt that such was the case with Herron. The government could then oppose the fee application by arguing either that its position was substantially justified or that, due to special circumstances, an award of attorneys' fees to the petitioner would be unjust. This was true prior to the enactment of the 1985 amendments and remains the law at present—the 1985 amendments only purported to clarify the meaning of "position of the United States" and "substantial justification." Although these clarifying amendments apply to this case, *Russell II, supra,* and we discuss them below, we conclude that they do not affect its outcome.

█ Congress has now specifically defined the phrase "position of the United States." 28 U.S.C. § 2412(d)(1)(A). Prior to the 1985 amendments, this court defined "position of the United States" as "the position the government took in the litigation." *Russell I,* 764 F.2d at 350. However, the EAJA now provides:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Pub.L. 99–80 § 2(b), 99 Stat. 183, 184–85 (to be codified as amended in 28 U.S.C. § 2412(d)(1)(B)). The Act continues:

> "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based ...

*Id.,* at § 2(c)(2)(D) (To be codified as amended in 28 U.S.C. § 2412(d)(2)).

Thus, both the Secretary's litigation posture and her administrative denial of Herron's benefits are to be considered her "position" for purposes of this fee application. However, this distinction is not likely to produce a different outcome where the Secretary's litigation position is simply that the denial of benefits to Herron (the underlying action) was substantially justified. *See, e.g., Russell I, supra,* 764 F.2d at 350.

With respect to the "substantial justification" standard, as another panel of this court has concluded, it is unclear from the legislative history accompanying the reenactment and amendments to the EAJA how Congress intended to change it, if at all. *Russell II, supra,* 775 F.2d at 1288–89. Consequently, we adhere to the standards outlined in our pre-1985 amendment jurisprudence to determine whether the government's position was substantially justified in a particular case. *Id.*

### III.

█ In a petition for attorneys' fees under the EAJA, it is the government's burden to show that its position in every stage of the proceedings was substantially justified. *Natchez Coca-Cola Bottling Co., Inc. v. N.L.R.B.,* 750 F.2d 1350, 1352 (5th Cir.1985); *S & H Riggers & Erectors,* 672 F.2d 426, 430 (5th Cir.1982). The government satisfies this requirement by showing that its actions had a reasonable basis both in law and in fact. *Russell II, supra,* 775 F.2d at 1288. Prior to the 1985 amendments, and presumably under current law, this showing had to be strong, H.R.Rep. No. 1418, 96th Cong., 2d Sess., at 18, *reprinted in,* 1980 U.S.Code Cong. & Ad.News 4953, at 4997, but was not insurmountable—no presumption is raised that the government's position was not substantially justified simply because it lost the case. *Id.* at 11, 1980 U.S.Code Cong. & Ad.News at 4990. Thus, a finding that there was no substantial evidence supporting the Secretary decision does not necessarily mandate an award of attorneys' fees or complete our inquiry. *See Martin v. Heckler,* 754 F.2d 1262, 1264 (5th Cir.1985).

We nevertheless conclude that in this case the government's position was not substantially justified.

■ To determine whether an individual is "disabled" within the meaning of 42 U.S.C. § 423(d), a sequential process is used. If the claimant is found to be either disabled or not disabled at any point in the process no further review is necessary. 20 C.F.R. § 404.1520(a). *See also Jason v. Heckler*, 767 F.2d 82, 84 (5th Cir.1985).

First, it is determined whether the claimant is engaged in work that constitutes "substantial gainful activity." 20 C.F.R. § 404.1520(b). The claimant's impairment is then evaluated to determine whether it is severe. *Id.*, at § 404.1520(c). If so, the plaintiff's condition is compared with a list of impairments compiled by the Secretary, see 20 C.F.R. § 404, App. I, and if it meets or equals a listed impairment, the claimant is considered automatically disabled. 20 C.F.R. § 404.1520(d). If not, the next stage of the disability evaluation asks whether the claimant's impairment prevents the performance of his previous employment. *Id.* at § 404.1520(e). If unable to continue in previous employment, the next inquiry is whether he can do any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). *See also* 20 C.F.R. § 404.-1561. If not, he is disabled within the meaning of the Act.

The Appeals Council itself determined that Herron could not perform his previous work and was therefore disabled unless he could do other work. The Secretary's regulations measure a claimant's ability to perform work by examining his "residual functional capacity" and his age, education, and work experience. Residual functional capacity, as defined in 20 C.F.R. § 404.1545, is a medical assessment of the work a claimant can perform despite his or her limitations. Although the initial burden of proof in a disability case is on the claimant to show that he is unable to perform his usual line of work, once, as here, that fact is established, "the burden shifts to the Secretary to show that the claimant is able to perform some other kind of substantial work available in the economy." *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981). *See also Babineaux v. Heckler*, 743 F.2d 1065, 1067 (5th Cir.1984); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983).

In this case, the Secretary wholly failed to meet that burden. The magistrate concluded that the Secretary had not shown that Herron could perform any other work and therefore had no basis on which to deny Herron disability benefits. The magistrate stated that *"[a]ll of the evidence* from the various psychiatrists and medical personnel who had examined and treated plaintiff suggested that he was severely restricted by his mental depression." (emphasis added) He also rejected the Secretary's attempt to rely on doctors' reports that antedated the onset of the plaintiff's disability to demonstrate that the medical testimony was conflicting and that it was therefore reasonable for her to dispute the plaintiff's claim. He found that these reports were irrelevant, as they pertained to periods prior to the onset of disability. Finally, he determined that the ALJ's conclusion that Herron could perform administrative jobs, such as curriculum planning and scheduling, or unskilled work, such as telephone canvassing, had ignored the written evaluation of the plaintiff's residual functional capacity submitted at the hearing. This evaluation led the vocational expert to conclude that, if the assessment of the plaintiff's residual functional capacity was considered, "this indicate[d] such severe interpersonal abilities that I don't see how a person could function with any job that I know of, of [sic] the national economy."

The district court accepted this evaluation of the administrative record and granted Herron's motion for summary judgment. However, in denying the plaintiff's fee application, it reversed its position and concluded, adopting the magistrate's findings, that although these early reports did not establish a conflict in the medical testimony and in spite of the overwhelming evidence of Herron's later disability, the reports provided substantial justification for the

government's continued opposition to Herron's disability application. This decision of the court was either due to a misreading of the record or a misapprehension of the substantial justification standard. We therefore hold the decision to be an abuse of discretion. *See Russell II*, 775 F.2d at 1289.

 The crux of the substantial justification standard is reasonableness. The plaintiff need not go so far as to show the government's position was frivolous or groundless in order to prevail in a suit for fees, *Bazaldua v. U.S.I.N.S.*, 776 F.2d 1266, 1269 (5th Cir.1985), rather, the defendant must show that her position was reasonable. In the present case, the district court concluded that the Secretary's decision to deny disability benefits to Herron was not supported by anything in the record before the agency. Although the psychiatrist who had seen Herron five months prior to Herron's breakdown reported that his patient had not been totally disabled at the earlier date, the medical reports based on treatment and examination in 1981 and later all supported Herron's claim. The evidence that Herron was able to work was less than substantial. It did not even raise a question of substantiality.

> To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a speck or scintilla but it need not be a preponderance.

*Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir.1985). *See also Pate v. Heckler*, 777 F.2d 1023, 1027 (5th Cir.1985) *citing Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

This was not a case that was decided contrary to the Secretary because of mere evidentiary ambiguities; nor were novel legal principles applied that caused her case to fail. *See, e.g., Martin v. Heckler*, 754 F.2d 1262, 1265 (5th Cir.1985). Rather, like the plaintiff in *Martin*, Herron was forced to endure a "three and one half year odyssey through the administrative bureaucra-

cy and then the courts," at the end of which journey he prevailed because "undisputed evidence showed his *per se* entitlement to benefits." 754 F.2d at 1265. Although there is no presumption that fees must be awarded merely because the Secretary lost, the absence of support for the Secretary's decision in this case is at once an absence of justification for her position.

We REVERSE the district court and REMAND the case for a determination of the appropriate amount of attorneys' fees to be awarded.

REVERSED AND REMANDED.