UNITED STATES of America, Plaintiff,

v.

5,507.38 ACRES OF LAND, MORE or LESS, IN LIVE OAK and McMULLEN COUNTIES, STATE of TEXAS, Charles T. Lark, Jr., et al., and All Unknown Owners or Claimants In and To Said Lands or Any Part Thereof, Defendants.

Civ. A. No. L–81–73.

United States District Court, S.D. Texas, Laredo Division.

Aug. 14, 1986.

Jack Shepherd and Frances H. Stacy, Asst. U.S. Attys., Houston, Tex., Aaron S. Bennett, Atty., Dept. of Justice, Land and Natural Resources Div., Washington, D.C., Robert E. Bearnth and Richard J. Dobson, Com'rs, Houston, Tex., for the U.S.

Norman Jones, Bellaire, Tex., for McFadden Oil Corp., Harmony Drilling Co., Inc., and Gen. American Technologies, Inc.

C.G. House and R.L. House, San Antonio, Tex., for Blanche G. Lark, Hedda G. Lark, Indiv. & as Indep. Executrix under the will of George H. Lark, Dec.; Mary K. Kellogg and Provident Nat. Bank, Indiv. & as Joint Trustees under will of Mabel L. Gies, Dec.; R.L. House; R.H. Mercer; C.G. House; Roberts, Lee House Benson & C.G. House, Trustee, for Rosemary Clyde House Brevard.

M.W. Meredith, Jr., Corpus Christi, Tex., for Lomex Corp. and Caithness Corp.

Frank Weatherred, Corpus Christi, Tex., for Parker-Knupke Uranium.

Douglas K. Womack, Houston, Tex., for McFadden Oil Corp., Harmony Drilling Co., Inc., General American Technologies, Ltd. and Eugene Burch Downman.

Walter G. Lagerquist, Jr., San Antonio, Tex., and Roger L. Easterday, Austin, Tex., for R.P. Lightfoot, Jr., Kathryn D. Murray, James K. Naylor, Jr. & Joe Myatt Naylor, Walter G. Lagerquist, Jr., Skylark Oil Co. and South Coast Gas Co., Light Stephenson, Jr., Grubstake Inv. Asso., Inc., and Betty Sue Dickerson.

Harry J. Schulz, Schulz & Schulz, Three Rivers, Tex., for Daphne N. Smolen, Harry J. Schulz, Bryan Boyd, Advance Oil & Gas Co., L.H. Looney, Inc., and L.H. Looney.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Presently pending are the Defendants' applications for attorney's fees and expenses, and the Government's motion for summary judgment on that issue. On July 15, 1986, this Court concluded that these petitions were premature because the judgment was appealable, and therefore was not a "final judgment" under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(2)(G). (Docket Entry 380). At that time, the Plaintiff had already filed its notice of appeal to the Fifth Circuit. (DE 367). However, on August 4, 1986, the court of appeals dismissed the appeal pursuant to a joint motion of the parties. (DE 385). The Defendants have again moved for attorney's fees and costs. (DE 388). Now that the judgment is "final," this issue is properly before the Court.

The Court previously held (DE 380), and now reaffirms that the 1985 amendments to the EAJA apply to this case. *See Herron v. Bowen,* 788 F.2d 1127, 1129 (CA5 1986) (clarifying amendments apply to fee applications pending on the date of enactment). Under the EAJA, "a court may award reasonable fees and expenses of attorneys, in addition to the costs ... to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(b).

"[P]revailing party", in the case of eminent domain proceedings, means a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to

the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government.

28 U.S.C. § 2412(d)(2)(H). "In other words, the prevailing party is the one whose testimony in court is closer to the award." H.R.Rep. No. 99–120, Part I, 99th Cong., 1st Sess. 18, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 147.

The Government contends that it is the "prevailing party," and therefore the Defendants' petitions for fees and costs must be denied. A review of the "Report of Commissioners" supports the Government's contention. (DE 292 & 335). The parties attested to the valuation of the property before a commission appointed for that purpose. R. 71A, Fed.R.Civ.P. The commissioners filed their 82–page report (DE 292), which summarized the differing valuations attested to the parties, and made unanimous findings on the fair market value of the property in question. The parties filed their objections to the report, and the Court ultimately adopted the commission's findings (DE 340 & 345). The table below summarizes the fair market values determined by the commission, contrasted with the values proposed by the parties:

| | Plaintiff-Gov't | Commissioners[1] | Defendants |
|---|---|---|---|
| Shallow Rights | $ 165,221 [2] | $4,413,804 | $16,375,800 [3] |
| Deep Rights | 2,632,528 [4] | 2,767,458 | 18,449,723 [5] |
| Hard Minerals | 55,070 [6] | 55,074 | 1,849,000 [7] |
| Total | $2,852,819 | $7,236,336 | $36,674,523 |

The evidence attested to at trial as reported in the commissioners' report clearly indicates that the Government is the "prevailing party" under the EAJA. Considering the total valuations for the entire mineral estate, the Government undervalued the property by approximately $4.4 million, while the Defendants overvalued it by approximately $29.4 million. The Government's estimate was thus substantially "closer to the amount awarded." Even if the mineral estate is broken down into its three main component parts, the Government clearly prevailed as shown by the above table. The award for the deep rights and hard minerals was almost precisely the amount suggested by the Government, while the Government only undervalued the shallow rights by $4.2 million compared to the Defendants' overvaluation of $11.9 million.

Further, the Court rejects the suggestion that the "prevailing party" issue should be analyzed in terms of the various individual ownership interests involved in this condemned mineral estate.

The Court holds that the United States is the "prevailing party" and GRANTS its motion for summary judgment. The Defendants' applications for fees and costs are DENIED.

1. The commission's findings for the fair market values of the mineral estate are summarized in the Report of Commissioners (Report) at 82.

2. Report at 19 & 24.

3. Report at 17 & 24.

4. Report at 52.

5. Report at 49.

6. Report at 74.

7. Report at 61. This figure is based on Charles E. Spear's estimate of the fair market value of the Lark Ranch lignite. The Defendants also endeavored to show added value for uranium. The Court has no doubt that the Government's proposed value was easily closer to the amount awarded for all "hard minerals."