**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**5,507.38 ACRES OF LAND, et al.,**
**Defendants-Appellants.**

No. 86–2758
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1987.

*Diaz v. Humboldt,* 722 F.2d 1216, 1219 n. 1 (5th Cir.1984).

Norman R. Jones, Jones & Granger, Beverly Moffitt, Houston, Tex., for McFadden.

Frances Stacy, Asst. U.S. Atty., Houston, Tex., Blake A. Watson, Atty., Appellate Sec., Lands Div., Dept. of Justice, Washington, D.C., for plaintiff appellee.

Before GEE, GARWOOD, and JONES, Circuit Judges.

GEE, Circuit Judge:

This case is an appeal from a grant of summary judgment which denied attorney's fees and costs to the appellants in a condemnation action. In 1981, the United States had brought an eminent domain claim regarding a mineral interest in 5,507.-38 acres of land in Live Oak and McMullen Counties, Texas. A three-member commission heard the issue of just compensation for the taking of the mineral estate. The district court approved the findings of the commission and entered final judgment on March 19, 1986. Upon entry of the final judgment, the appellants applied for attorney's fees and costs pursuant to the Equal

7. *See Diaz,* 722 F.2d at 1219; *Vaz Borralho v. Keydril,* 696 F.2d 379, 394–95 (5th Cir.1983).

Access to Justice Act. 28 U.S.C. § 2412 (EAJA). A "plain meaning" reading of the statute and the legislative history surrounding the act affirms the district court's denial of attorney's fees and costs in that the appellants were not the "prevailing party."

Statutory guidance is clear. The EAJA provides that "a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States...." 28 U.S.C. § 2412(b). Further, "prevailing party" with respect to the circumstances of this case is explicitly defined by 28 U.S.C. § 2412(d)(2)(H):

> [P]revailing party, in the case of *eminent domain proceedings,* means a party who obtains a final judgment (other than by settlement), exclusive of interest, the *amount* of which is *at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government.*

(emphasis added). The legislature explained the formulation simply: "In other words, the prevailing party is the one whose testimony in court is closer to the award." H.R.Rep. No. 99–120, Part 1, 99th Cong., 1st Sess. 18, *reprinted in* 1985 U.S. Cong. & Ad.News 132, 147. When the commission's findings of value, which the district court adopted, are applied to this formulation, the prevailing party is the government and not the landowners.

The following table presents the findings adopted by the district court that determine the question of prevailing party and ultimately the eligibility of the appellants for attorney's fees. The table summarizes the fair market values determined by the commission, contrasted with the values proposed by the parties:

|  | Appellee-Government | Commissioner | Appellant-Landowner |
|---|---|---|---|
| Shallow Rights | $ 165,221 | $4,413,804 | $16,375,800 |
| Deep Rights | $2,632,528 | $2,767,458 | $18,449,723 |
| Hard Minerals | $ 55,070 | $ 55,074 | $ 1,849,000 |
|  | $2,852,819 | $7,236,336 | $36,674,523 |

*See United States v. 5,507.38 Acres of Land,* 643 F.Supp. 266 (1986). We have held that a "district court must [also] value the property as a whole rather than as the sum of the various uses to which it has been placed." *United States v. 8.41 Acres of Land,* 680 F.2d 388, 395 (5th Cir.1982). Employing this unit rule of valuation, when the EAJA calls for a comparison of the parties' respective positions relative to "the amount" awarded in a "final judgment," 28 U.S.C. § 2412(d)(2)(H), plain meaning indicates that the total valuation of the land is the relevant number to be considered when determining which is the prevailing party "whose testimon[ial position] in court is *closer* to *the award* (emphasis added)." It is plain that the government is the one whose testimony is closer. Given these conditions, the appellant/landowners are not eligible under statutory guidelines to apply for attorney's fees.

The appellants, however, try to avoid this statutory guidance. They assert that a burden of proof that the fee award should not be made rests on the government. Further, they claim that this is a burden that the government cannot meet. The government bargained with the landowners in bad faith, it is said, and thus was not "substantially justified" in its position denying attorney's fees to the landowners.

This argument misreads the statute. 28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party *other than the United States* fees and other expenses ... *unless* the court finds that the *position of the United States was substantially justified* or that special circumstances make an award unjust (emphasis added)." A "plain meaning" reading of the statute indicates that this subsection

applies only where it has been found that the private party "prevailed" under § 2412(b) and thereby made a prima facie case of entitlement to fees. Section 2412(d)(1)(A) then places the burden on the government to demonstrate that its position was substantially justified. *Herron v. Bowen,* 788 F.2d 1127 (5th Cir.1986). Since the United States is the prevailing party in this case, however, there is no need for the government to prove that it was "substantially justified" in its position.

AFFIRMED.