872 F.2d 1027
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry D. MYRICK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3351.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Perry Myrick appeals from the district court's March 16, 1988 order denying his motion for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. Sec. 2412. For the following reasons, we vacate the district court's judgment and remand this case for further proceedings.
 
 I.
 
 2
 Appellant Myrick filed applications for disability insurance benefits and supplemental security income on March 20, 1985. The applications alleged a disability onset date in June of 1984 due to a bad back.
 
 
 3
 The Secretary denied appellant's applications both initially and upon reconsideration. Appellant then requested a hearing before an Administrative Law Judge (ALJ). Appellant stated that he did not wish to appear at the hearing, and he requested that the ALJ make his decision on the basis of the written evidence in the record.
 
 
 4
 Upon reviewing the relevant medical evidence, the ALJ rendered his decision on January 7, 1986, concluding that Myrick was not entitled to disability insurance benefits and supplemental security income. Essentially, the ALJ found that appellant's impairments did not prevent appellant from performing his past relevant work. For this reason, the ALJ concluded that appellant was not under a disability as defined in the Social Security Act at any time through the date of his decision.
 
 
 5
 Myrick requested review of the ALJ's decision by the Appeals Council, but on May 12, 1986, the Appeals Council found no basis for review. Thus, the ALJ's decision became the final decision of the Secretary.
 
 
 6
 Myrick then filed an action for judicial review with the district court pursuant to 42 U.S.C. Sec. 405(g), and the district court referred the case to a United States Magistrate for report and recommendation pursuant to 28 U.S.C. Sec. 636. The magistrate found that the Secretary's finding that appellant could perform his past work was not supported by substantial evidence. The magistrate recommended remanding the case for a credibility determination and a sequential evaluation of what work, if any, appellant was capable of performing.
 
 
 7
 Myrick filed timely objections to the magistrate's report and recommendation. The Secretary failed to respond either to the report and recommendation or to appellant's objections thereto.
 
 
 8
 In an order filed April 23, 1987, the district court adopted the factual findings and legal reasoning of the magistrate's report concerning proof of disability, but rejected the magistrate's recommendation that the court remand the case for a credibility determination and sequential evaluation. In reaching its judgment, the district court found that, despite the absence of conflicting medical evidence, the ALJ improperly rejected the opinion of Myrick's treating physician regarding the extent of appellant's disability and substituted his judgment for that of the medical experts. The court reiterated several times that appellant's medical evidence was uncontradicted:
 
 
 9
 [The treating physician's] diagnosis and summary of plaintiff's history of treatment were not contradicted by the defendant doctor's pertinent findings with respect to plaintiff's back condition....
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 Under these facts, a remand for a credibility determination is unnecessary as the examining physician's medical opinion is not contradicted and is supported by objective medical evidence and is entitled to great deference....
 
 
 13
 Accordingly, this court finds that a remand for sequential evaluation is inappropriate considering the uncontradicted medical evidence and opinion of the treating physician which conclusively establishes plaintiff's disability under the grid as a matter of law and that the absence of such subjective testimony with regard to pain does not create a fatal gap in the record which requires remand.
 
 
 14
 The Secretary did not appeal the district court's order.
 
 
 15
 On May 22, 1987, appellant filed a motion for attorney fees pursuant to the EAJA. Thereafter, on June 17, 1987, the Secretary filed a motion to stay consideration of the award of attorney fees pending this court's en banc decision in Riddle v. Secretary of Health & Human Services. See Riddle v. Secretary of Health & Human Servs., 823 F.2d 164 (6th Cir.1987) (order granting rehearing en banc and vacating court's earlier opinion).
 
 
 16
 The district court filed an order on March 16, 1988, denying the Secretary's motion to stay the proceedings and denying Myrick's motion for attorney fees. The district court supported its holding with respect to appellant's motion for attorney fees as follows: "[T]his court finds that this case concerns conflicting medical evidence and that the Government was justified in proceeding on the evidence favorable to its position; the fact that this court ruled in favor of plaintiff does not, in and of itself, render that reliance unreasonable." The district court did not point to any conflicts in the evidence or to any evidence favorable to the Secretary's position.
 
 
 17
 Myrick filed an appeal from the district court's order on April 18, 1988. Appellant requests this court to decide whether the district court abused its discretion in holding that the government's position was substantially justified, so that the denial of attorney fees under the EAJA was appropriate.
 
 II.
 
 18
 28 U.S.C. Sec. 2412(d)(1)(A) provides as follows:
 
 
 19
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 20
 This provision supports the award of attorney fees against the Secretary of Health and Human Services in actions for benefits under the Social Security Act. See e.g., Chipman v. Secretary of Health & Human Servs., 781 F.2d 545 (6th Cir.1986).
 
 
 21
 Pursuant to section 2412(d)(1)(A), the government, not the prevailing party, must prove that its action was substantially justified or that circumstances make the fee award unjust. United States v. Yoffe, 775 F.2d 447, 450 (1st Cir.1985). See United States v. 0.376 Acres of Land, 838 F.2d 819, 820, 826 (6th Cir.1988).
 
 
 22
 In Pierce v. Underwood, 108 S.Ct. 2541, 2546-49 (1988), the Supreme Court recently held that the abuse of discretion standard applies to an appellate court's review of a district court's judgment concerning attorney fees pursuant to the EAJA. The Court also held that the statutory phrase "substantially justified" means " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Id. at 2550. The Court continued: "That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id. (citing, inter alia, Trident Marine Constr., Inc. v. District Engineer, 766 F.2d 974, 980 (6th Cir.1985)). The Court cautioned, however, that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. (footnote omitted). On the other hand, we have held that "[t]he fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." Couch v. Secretary of Health & Human Servs., 749 F.2d 359, 360 (6th Cir.1984) (per curiam).
 
 
 23
 Myrick argues that the district court abused its discretion in summarily concluding that the Secretary's position was substantially justified because in its earlier order granting benefits the court unequivocally found that there was no conflicting medical evidence in the record. Appellant finds the best support for his argument in Herron v. Bowen, 788 F.2d 1127 (5th Cir.1986).
 
 
 24
 In Herron, the magistrate's report and recommendation, which was adopted by the district court in granting disability insurance benefits, indicated that the evidence in favor of the claimant was uncontradicted.
 
 
 25
 The magistrate concluded that the Secretary had not shown that Herron could perform any other work and therefore had no basis on which to deny Herron disability benefits. The magistrate stated that '[a]ll of the evidence from the various psychiatrists and medical personnel who had examined and treated plaintiff suggested that he was severely restricted by his mental depression.' (emphasis added) He also rejected the Secretary's attempt to rely on doctors' reports that antedated the onset of the plaintiff's disability to demonstrate that the medical testimony was conflicting and that it was therefore reasonable for her to dispute the plaintiff's claim. He found that these reports were irrelevant, as they pertained to periods prior to the onset of disability. Finally, he determined that the ALJ's conclusion that Herron could perform administrative jobs, such as curriculum planning and scheduling, or unskilled work, such as telephone canvassing, had ignored the written evaluation of the plaintiff's residual functional capacity submitted at the hearing. This evaluation led the vocational expert to conclude that, if the assessment of the plaintiff's residual functional capacity was considered, 'this indicate[d] such severe interpersonal abilities that I don't see how a person could function with any job that I know of, of [sic] the national economy.'
 
 
 26
 Id. at 1131.
 
 
 27
 Although the district court accepted the magistrate's evaluation of the evidence and granted Herron's motion for summary judgment, it subsequently denied Herron's attorney fee application. In reaching its decision,
 
 
 28
 it reversed its position and concluded, adopting the magistrate's findings, that although these early reports did not establish a conflict in the medical testimony and in spite of the overwhelming evidence of Herron's later disability, the reports provided substantial justification for the government's continued opposition to Herron's disability application.
 
 
 29
 Id. at 1131-32. The Fifth Circuit reversed, holding that this decision of the court was either due to a misreading of the record or to a misapprehension of the substantial justification standard and was, therefore, an abuse of discretion. Id. at 1132.
 
 
 30
 In the present case, the district court concluded that the Secretary's decision to deny disability benefits to Herron was not supported by anything in the record before the agency. Although the psychiatrist who had seen Herron five months prior to Herron's breakdown reported that his patient had not been totally disabled at the earlier date, the medical reports based on treatment and examination in 1981 and later all supported Herron's claim. The evidence that Herron was able to work was less than substantial. It did not even raise a question of substantiality.
 
 
 31
 Id. Thus, under Herron, a district court may not ignore its finding in the underlying litigation that the medical evidence in the record was uncontradicted.
 
 
 32
 The Secretary argues that his defense of the denial of Myrick's application for disability insurance benefits and supplemental security income in the underlying litigation had a reasonable basis in both law and fact and, therefore, was substantially justified. Specifically, the Secretary argues that it was reasonable for the Secretary to argue that claimant's treating physician, Dr. Gillis's, opinion of total and permanent disability was not adequately supported by his own reported findings and diagnosis, by the findings and diagnosis of (one time) examining physician, Dr. Kiefhaber, or by the opinion of Dr. Gendelman, a non-examining physician. The Secretary also cites to several examples of what he perceives to be conflicts in reported medical findings. The district court, however, did not acknowledge any of these alleged deficits and conflicts in its original order awarding benefits; nor did the court rely on them in summarily concluding that there was conflicting medical evidence in its later denial of attorney fees.
 
 
 33
 A district court abuses its discretion when it fails adequately to elaborate upon the reasons for its refusal to grant requested action. Fleischut v. Nixon Detroit Diesel, Inc., 859 F.2d 26, 30-31 (6th Cir.1988). Compare Bailey v. Heckler, 777 F.2d 1167, 1170 (6th Cir.1985) (per curiam) (stating that this court is not in a position to decide whether the district court abused its discretion without adequate findings in the record explaining the court's actions). Whether the defect is identified as an abuse of discretion or simply as an unreviewable record, these cases require remand. See Fleischut, 859 F.2d at 31; Bailey, 777 F.2d at 1171.
 
 
 34
 Applying Herron, Fleischut, and Bailey to the facts of the instant case also requires a remand to the district court for an award of attorney fees or an elaboration of the way in which the Secretary's position was substantially justified. Under these cases, the district court may not ignore its finding in the underlying litigation that the medical evidence was uncontradicted. The court, however, is not precluded from rejecting its earlier finding in the underlying litigation if it provides an adequate explanation.
 
 
 35
 For the foregoing reasons, the district court's judgment is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.