**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERVEST CORPORATION and**
**J. Stephen Nail, Defendants.**

**No. 3;98–CV–531BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 5, 2000.

J. Brad Pigott, U.S. Attorney's Office, Jackson, John A. Meynardie, U.S. Attorney's Office, Biloxi, MS, for United States of America, plaintiffs.

Michael T. Dawkins, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Intervest Corporation, J. Steven Nail, defendants.

## *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Application of Intervest Corporation for Recovery of Fees and Costs Pursuant to the Equal Access to Justice Act. Having considered the Application, Response, Rebuttal, supporting and opposing authority, and all attachments to each, this Court finds that the Application for Recovery of Fees and Costs is not well taken and should be denied.

Also before the Court is the Motion for Leave to File a Surrebuttal filed by Plaintiff United States of America. For reasons set forth below, this Motion is moot and should be denied as such.

## I. Factual Background and Procedural History

On August 8, 1998, the United States filed a Complaint in the subject cause of action against Intervest Corporation (hereinafter "Intervest") and J. Stephen Nail. In the Complaint, the United States sought treble damages and civil monetary penalties for submitting fifty-three housing assistance payment vouchers (hereinafter "HAP vouchers") to the United States Department of Housing and Urban Development (hereinafter "HUD") which falsely certified that certain Section 8 subsidized apartments at Metro Manor Apartments were "decent, safe and sanitary" when in fact they were not. The claims of the United States were based on the provisions of the False Claims Act (hereinafter "FCA"), 31 U.S.C. § 3729 et seq.

In an Opinion and Order dated August 10, 1999, and entered with the Clerk of the Court on the same day, summary judgment was granted in favor of Defendants (hereinafter "Summary Judgment Order"), and the case was dismissed with prejudice.[1] The United States filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit on October 8, 1999. However, the appeal was voluntarily dismissed on January 20, 2000. Intervest filed the subject Application for Recovery of Fees and Costs on February 17, 2000. Intervest seeks relief pursuant to the Equal Access to Justice Act (hereinafter "EAJA")[2]. The Application was filed in a timely manner.[3] The Application for Recovery of Fees and Costs is now ripe for consideration.

## II. Legal Standard

The following provision of the EAJA allows a party who prevails in a lawsuit against the United States to recover fees and expenses related to the litigation.

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States*[4] *was substantially justified or that special circumstances make an award unjust.*

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The EAJA applies to Defendants who succeed in a suit brought by the United States under the FCA. 31 U.S.C. § 3730(g).

A key element in determining whether a party who succeeds in a suit against the United States is entitled to fees and costs is whether the position of the United States is "substantially justified." The substantial justification test is met if a "genuine dispute" is apparent in the case. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (citation omitted). The position

---

1. For a complete recitation of the factual background of this case, see the Summary Judgment Opinion, pages two through eleven. The Summary Judgment Opinion is filed under docket entry number seventy-eight with the Clerk of the Court.

2. The EAJA can be summarized as "[a] federal statute enacted in 1980 to allow the prevailing party in certain actions against the government to recover attorney's or expert witness fees.... (codified as amended in scattered sections of [Titles] 5, 15, and 28 U.S.C.A.)." Black's Law Dictionary 556 (7th ed.1999).

3. "An application under EAJA must be filed within 30 days of final judgment...." 28 U.S.C. § 2412(d)(1)(B). This requirement was met by Intervest.

4. " '[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based...." 28 U.S.C. § 2412(d)(2)(D).

of the government need not be "justified to a high degree." *Id.* Rather, the position must be "justified to a degree that could satisfy a reasonable person." *Id.*

▮▮▮ The stage of the proceeding at which the case is decided may be considered as a factor in the substantial justification analysis. *Sec. & Exch. Comm'n v. Fox,* 855 F.2d 247, 252 (5th Cir.1988) (citation omitted). However, dismissal of the case on summary judgment is not an automatic indicator that the position of the United States was unjustified, especially when the disposition involves questions of law rather than questions of fact. *Pierce,* 487 U.S. at 568–69, 108 S.Ct. at 2552. Additionally, whether or not the position of the United States is reasonable is not determined by the outcome of the litigation. *Louisiana ex rel. Guste v. Lee,* 853 F.2d 1219, 1222 (5th Cir.1988). "[E]ntitlement to an EAJA award requires a separate analysis." *Id.*

▮▮▮ Proof by the government that it is undeserving of sanctions is insufficient to avoid an award under the EAJA. *Pierce,* 487 U.S. at 566, 108 S.Ct. at 2550. In other words, the aggrieved litigant need not show that the position of the United States is "frivolous." *Herron v. Bowen,* 788 F.2d 1127, 1132 (5th Cir.1986) (citation omitted). "[I]t is the government's burden to show that its position in every stage of the proceedings was substantially justified." *Id.* at 1130 (citations omitted). The actions of the United States must be reasonable in relation to both its legal contentions and its factual allegations. *Id.* (citation omitted).

▮▮▮ "[T]he 'substantial justification' standard was designed to allow the government to advance 'in good faith...novel but credible...interpretations of the law that often underlie vigorous enforcement efforts.'" *Fox,* 855 F.2d at 252 (quoting *Russell v. Nat'l Mediation Board,* 775

F.2d 1284, 1290 (5th Cir.1985)). To award fees under the EAJA, the Court must be convinced that the government knew or should have known that its position lacked justification at the initiation of the suit. *Nalle v. Comm'r of Internal Revenue,* 55 F.3d 189, 191 (5th Cir.1995) (citation omitted). If the position of the United States is based on either unsettled law, difficult issues or unsettled issues, then the analysis should usually weigh in favor of the government. *Id.* at 192. "[E]ven where the facts are stipulated and the law is correctly applied, and the government fails to prove any element necessary to its case, the district court retains discretion to determine whether the government position was substantially justified." *Fox,* 855 F.2d at 252 (citation omitted).

The following is an application of the legal standards of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit, as set forth above, to the facts of the case *sub judice.*

## III. Analysis

▮▮▮ As set forth in the Summary Judgment Order, summary judgment was granted in favor of Defendants because the United States failed to prove one of the elements for a claim under the FCA. The critical element was whether the assertions made by Defendants on the HAP vouchers were material.[5] With regard to the issue now before the Court, the United States contends, *inter alia,* that its position was justified because whether "materiality" is a required element for a claim under the FCA is undecided in the Fifth Circuit.

The Court stands by its decision in the Summary Judgment Opinion which held that materiality is a required element for a claim under the FCA. However, the Court acknowledges that the Fifth Circuit has not ruled on this issue. In finding that materiality is a required element, the

---

5. The question of whether a false statement is material is a mixed question of law and fact. *United States ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama,* 104 F.3d 1453, 1460 (4th Cir.1997).

Court relied on case law from the Fourth Circuit. *See United States ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama,* 104 F.3d 1453, 1459 (4th Cir.1997).

To counter the argument of the United States, Intervest contends that the government conceded in the Memorandum of the United States in Opposition to the Motion of Defendants for Summary Judgment (hereinafter "Memorandum") that materiality is a required element of a FCA claim. In fact, the government did dedicate three pages in the Memorandum to the materiality issue. Memorandum, pp. 26–28. However, the concluding paragraph of the analysis states "[a]t any rate, the *materiality requirement* implied in the False Claims Act derives from the 'because of' language of causation and damages [as set forth in 31 U.S.C. § 3729[6]] and *is limited to the amount of damages.*" Memorandum, p. 28 (emphasis added). This statement clearly indicates that the United States, at least as an alternative legal theory, contended that materiality was not an element to the underlying FCA claim.

The Court finds that the position of the United States regarding whether materiality is a required element of a FCA claim is reasonable, given the lack of Fifth Circuit case law on this issue. As support for this finding, the Court relies in part on the analysis in an unpublished Opinion of Judge Tom Lee, the Chief Judge of the United States District Court for the Southern District of Mississippi. In a suit brought under the FCA, Judge Lee was faced with deciding whether materiality of the alleged false claim was a required element. *United States v. Southland Management Corp., Inc.,* 95 F.Supp.2d 629, 634 (D.Miss. 2000). Judge Lee held that materiality is a required element for such a claim. *Id.* at 634. However, he stated that based on the holding of the United States Supreme Court in *United States v. Wells,* 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997)[7], the requirement of materiality under an FCA claim is "a debatable conclusion." *Id.* This Court agrees.

The Court finds that the position of the United States was substantially justified in the underlying FCA suit. This finding is based on the fact that whether materiality of the alleged false statement(s) is a required element under the FCA is reasonably arguable in the Fifth Circuit.[8] Therefore, the Application for Recovery of Fees and Costs is not well taken and should be denied.

## IV. Conclusion

In conclusion, the Court considers the Motion for Leave to File a Surrebuttal. This Motion was filed by Plaintiff because of allegedly misleading statements contained within the Rebuttal of Defendants. Based on the foregoing analysis, the subject issues are decided in favor of Plaintiff, without the need for a Surrebuttal. Therefore, the Motion for Leave to File a Surrebuttal is moot and should be denied as such.

For all of the above stated reasons:

**6.** Section 3729 states in relevant part:

Any person who—

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains *because of* the act of that person....

31 U.S.C. 3729(a)(1) & (2) (emphasis added).

**7.** In *Wells,* the Court held that materiality is not an element of a *criminal* FCA offense. Both *Southland Management* and the case at bar involve *civil* FCA claims.

**8.** As stated above, the grant of summary judgment in favor of the Defendants was based on the Court's finding that the alleged false statements of the Defendants were immaterial.

IT IS THEREFORE ORDERED that the Application of Intervest for Recovery of Fees and Costs Pursuant to the Equal Access to Justice Act [82–1] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion for Leave to File a Surrebuttal [93–1] is moot and is hereby denied as such.