**Eugene PINEAULT, Plaintiff, Appellant,**

**v.**

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant, Appellee.**

**No. 87–1849.**

United States Court of Appeals, First Circuit.

Submitted Feb. 4, 1988.

Decided June 1, 1988.

Sandra L. Smales, and Butler, Monks & Smales, Cambridge, Mass., on brief for plaintiff, appellant.

Robert M. Peckrill, Asst. Regional Counsel, Dept. of Health & Human Services, Frank L. McNamara, Jr., U.S. Atty., and Jeffrey S. Robbins, Asst. U.S. Atty., Boston, Mass., on brief for defendant, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Claimant, Eugene Pineault, filed an application for Social Security disability benefits, alleging an inability to work since January 22, 1982 due to low back pain. This application was denied initially and on reconsideration. After a hearing, the administrative law judge ("ALJ") found claimant not disabled on the ground that he could perform his former work as a security guard and that he had skills that were transferable to a sedentary order-taker position. The Appeals Council approved the ALJ's decision, rendering it the final decision of the Secretary, subject to judicial review. Claimant appealed to the district court. A transcript of administrative hearings could not be prepared and another *de novo* hearing was ordered. After the hearing, the ALJ issued a decision denying claimant's application on essentially the same grounds as the prior decision. The Appeals Council adopted the decision and claimant appealed to the district court. The district court rejected the ALJ's finding that claimant could perform his former work, but affirmed the denial of benefits on the basis that claimant had transferable skills and "could perform other work existing in the national economy." Claimant appeals.

Claimant is a 64 year old man who has a seventh grade education, with some additional training in the military police. The record indicates he worked as a stockroom clerk, shipper-receiver and security guard prior to January 1982, when he claims his disability began.

In his decision, the ALJ found that claimant "has severe osteoarthritis of the hips, knees and lumbosacral spine, with a history of patella removal and knee cartilage surgery," "chronic obstructive pulmonary disease" and "controlled hypertension." The ALJ found that claimant's impairment did not constitute one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that claimant "has the residual functional capacity to perform work-related activities except for work involving lifting over twenty pounds, repeated climbing, walking over thirty to forty-five minutes, squatting, and standing in one place over twenty minutes (20 C.F.R. 404.1545)." Claimant does not challenge these findings on appeal. Accordingly, we accept them without comment.

The ALJ also found that claimant's physical impairments did not prevent him from doing past work. The ALJ found claimant's security guard job "did not require the performance of work-related activities precluded by [his physical] limitations" and his impairments did not prevent him from performing the security guard job "as it is usually performed."

On appeal, the Secretary concedes that claimant cannot perform as a security guard as he had in the past due to his physical limitations.[1] The Secretary urges, however, that the record supports the ALJ's finding that claimant can perform his former *type* of work as a security job at a sedentary level of exertion.

In order for claimant to establish disability, it is not enough for him to show he cannot perform his past work, he must also demonstrate that he cannot perform his former *type* of work. *Pelletier v. Secretary of Health, Education and Welfare*, 525 F.2d 158, 160 (1st Cir.1975). The district court found that, in view of claimant's knee problems and other physical limitations, there was not substantial evidence that claimant could perform any type of security job including a sedentary security job position, because of the need of a guard to be able to respond rapidly in an emergency. We agree and adopt the findings of the district court in this regard.

Where, as here, it has been determined that claimant is disabled from doing his former work, the burden shifts to the Secretary to show there is alternative work in the national economy which plaintiff can

---

1. The testimony of the vocational expert was that claimant performed this job at the medium to heavy exertional level. The ALJ found that claimant can now perform work at the light to sedentary exertional level.

perform. *Geoffroy v. Secretary of Health and Human Services,* 663 F.2d 315 (1st Cir.1981).

At the time of the ALJ's decision, claimant was over 60 which is considered "close to retirement age." *See* 20 C.F.R. § 404.1563(d). Section 404.1563(d) provides *inter alia:*

> "Person of advanced age. We consider that advanced age significantly affects a person's ability to do substantial gainful activity ... If you are close to retirement age (60–64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable."

A claimant of advanced age who is closely approaching retirement age must have transferable skills to sedentary or light work so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs with a minimal amount of job orientation. 20 C.F.R.Pt. 404, Subpt. P. Appendix 2, §§ 201.00(f), 202.00(f).

■ The ALJ found that claimant had skills transferable from his former semi-skilled work as a stock-room clerk to the position of sedentary order-taker and that such positions existed in the national economy. On this basis, the ALJ denied benefits. The claimant challenges this decision, contending the ALJ was also required to make a finding that his skills are "highly marketable" and failed to do so. Therefore, claimant contends the Secretary failed to carry his burden to demonstrate he has highly marketable transferable skills. We agree.

Plaintiff is now 64 years old, with a limited education and severe physical impairments. The vocational expert testified that his "skills" acquired in his past semi-skilled work as stock-room clerk consisted of filling out forms, order receipts and bills of lading and that these "skills" would be transferable to a sedentary order-taker position. He further testified that two to three thousand of these jobs exist in the local economy. We do not find that this testimony satisfies the requirement of § 404.1563(d) that claimant's skills be "highly marketable."

Without a finding that claimant's skills were "highly marketable" as opposed to just "transferable," the vocational disadvantage of claimant's advanced age might not be offset by the existence of transferable skills. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 781–82 (6th Cir.1987). As the court in *Varley* stated:

> "... before it can be determined that a claimant over sixty years of age, who acquired skills while performing medium work, is able to transfer those skills to sedentary work, it must first be shown that the skills are highly marketable. This proposition is intuitively reasonable, in that it reflects the reality that older persons, who do not possess highly marketable skills, will find it difficult to obtain *any* employment."

820 F.2d at 781–82. (emphasis in original)

The ALJ and the district court did not address the marketability of claimant's skills in reaching their decisions. The Secretary concedes there is no evidence in the record regarding marketability. The state of the record forecloses us from finding that substantial evidence supports the ALJ's decision. *Varley, supra; Tom v. Heckler,* 779 F.2d 1250, 1256 (7th Cir.1985).

We find that claimant was entitled to have the ALJ consider the "marketability" of his skills in the determination of whether he was disabled. Accordingly, we vacate the judgment below and remand with directions to remand to the Secretary for the taking of additional evidence on the issue of marketability.