Revised March 4, 1999

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30697

_____

ORIE W. McQUEEN,

                                    Plaintiff-Appellant,

        versus

KENNETH S. APFEL, Commissioner of Social Security,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

February 17, 1999

Before EMILIO M. GARZA, BENAVIDES and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

     Orie W. McQueen appeals the district court's affirming the

denial of his application for Social Security disability

benefits. We reverse and remand.

                                I

     McQueen, a former traveling insurance salesman now 64 years

old, filed an application for Social Security disability

benefits, claiming that he had not worked since he suffered an

injury on September 10, 1992. After his application was twice

denied, McQueen requested a hearing before an administrative law

judge ("ALJ"), which took place on July 11, 1994. The ALJ denied McQueen's benefits request. The ALJ found that although McQueen's impairment is severe and prevents him from doing the traveling insurance sales work he did in the past, his work skills are "readily transferable to jobs within his vocational profile." McQueen appealed to the Social Security Administration's Appeals Council, which concluded that it had no basis to grant McQueen's request for a review. McQueen filed a complaint in federal district court, contending that (1) "readily transferable" was not the correct legal standard to apply to a determination of whether he is disabled; (2) the Appeals Council should have considered new evidence that would have shown that McQueen's problems are more severe than the ALJ concluded; and (3) the ALJ's findings as to McQueen's residual functioning capacity ("RFC") were not supported by substantial evidence.[1] The case was referred to a magistrate judge. The magistrate found that the district court had no jurisdiction to consider whether the ALJ applied the wrong legal standard. As to McQueen's other contentions, the magistrate recommended upholding the ALJ's findings. The district court adopted the magistrate's recommendations, and McQueen timely appealed.

II

A claimant is not entitled to disability benefits unless he

---

1. Because we reverse on the first ground, we do not consider McQueen's remaining points of error.

establishes that he is unable "'to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting 42 U.S.C. §§ 416(*i*), 423(d)(1)(a)). In making this determination, the Social Security Commission applies a five-step sequential evaluation process:

(1) Regardless of the medical findings, a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled.

(2) A claimant will not be found to be disabled unless he has a "severe impairment."

(3) A claimant whose impairment meets or is equivalent to a listed impairment will be deemed disabled without the need to consider vocational factors.

(4) A claimant who is capable of performing work that he has done in the past must be found "not disabled."

(5) If the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and RFC must be considered to determine whether he can do other work.

*See Bowling*, 36 F.3d at 435. The claimant bears the burden of proof for the first four steps; for the fifth step, the burden

3

shifts to the Commissioner to show that the claimant can perform other work. Regarding fifth-step determinations, 20 C.F.R. § 404.1563(d) provides:

> We consider that advanced age (55 or over) is the point where age significantly affects a person's ability to do substantial gainful activity. If you are severely impaired and of advanced age and you cannot do medium work (see § 404.1567(c)), you may not be able to work unless you have skills that can be used in (transferred to) less demanding jobs which exist in significant numbers in the national economy. If you are close to retirement age (60-64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable.

McQueen's hearing before the ALJ took place on July 11, 1994, and the ALJ rendered his decision on April 24, 1995. Between those two dates, on September 29, 1994, McQueen turned 60 years old.

The ALJ denied benefits to McQueen at the fifth step of the disability analysis, writing, "The claimant has work skills which are readily transferable to jobs within his vocational profile; therefore, he must be found not disabled." In reaching his decision, the ALJ relied in part on a vocational expert's testimony that McQueen's skills could be transferred to an in-office insurance job. The ALJ posed hypotheticals to the

4

vocational expert, both at the July 11 hearing and in writing in December 1994. In the final December hypothetical, the ALJ mistakenly asked the vocational expert whether his opinions would change when McQueen turned 50 years old. In contrast, none of the interrogatories asked the vocational expert whether McQueen could still be expected to find work at age 60. Nothing indicates that the vocational expert, on whose testimony the ALJ relied, considered § 404.1653(d)'s standards for claimants close to retirement age. McQueen argues that the ALJ treated his claim as that of a person younger than 60 years old and consequently applied the wrong standard under § 404.1563(d). The ALJ, McQueen contends, was required to find that he had skills that were "highly marketable"--and not just "readily transferable"--before denying him disability benefits.

### III

The magistrate found, and the district court agreed, that McQueen had not raised the issue of the proper standard to the Social Security Administration Appeals Council. Therefore, the magistrate found, McQueen could not complain before a court that the ALJ applied the wrong legal standard for a 60-year-old's benefits claim. A court should not review the Commissioner's final decision unless the claimant has exhausted his administrative remedies. *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). A claimant fails to exhaust his administrative

5

remedies if does not raise a claim of error to the Appeals Council before filing suit on that basis. That said, a court may review the decision if the claim of error is "an expansion of the general rationale proffered in support of the appeal" to the Appeals Council. *Id.* Before the Appeals Council, McQueen raised the issue of the age mismatch in the hypothetical that the ALJ posed to the vocational expert. McQueen's counsel argued:

> [I]nterrogatories propounded to the vocational expert concerning sedentary jobs which Mr. McQueen could perform may have been based upon erroneous information. In one of the questions, the Administrative Law Judge asked the vocation expert to determine if there would be any change once Mr. McQueen became 50 years old. Obviously, this is an error on the part of the vocational expert, because Mr. McQueen was 60 years old at the time the interrogatories were propounded. Therefore, the information is invalid insofar as it relates to Mr. McQueen's ability to perform work.

The district court cited *Paul* for the proposition that it had no jurisdiction. We find that, under *Paul*'s "expansion of the general rationale" language, McQueen did raise the issue before the Appeals Council. The above-quoted passage should have suggested to the Appeals Council that the ALJ either was mistaken as to McQueen's age or applied the wrong standard. Although

6

counsel did not specifically mention 20 C.F.R. § 404.1563(d) at that time, he did argue that 60-year-old claimants cannot be expected to find and perform work as easily as younger individuals with similar impairments. The age-related issue that McQueen argued before the district court--i.e., the defective hypothetical in conjunction with a misapplication of 20 C.F.R. § 404.1563(d)--was an extension of the claim he offered the Appeals Council. Pursuant to the rule set forth in *Paul*, the district court had jurisdiction to decide McQueen's claim. Because McQueen properly raised the issue before the district court, we consider it now.

IV

The Fifth Circuit has not yet addressed whether the Commission must specifically find that a 60- to 64-year-old claimant has "highly marketable" skills in order to deny him disability benefits. A number of our sister circuits and district courts have found that the failure to make a specific finding on high marketability renders the Commission's decision unsupported by substantial evidence. *See, e.g.*, *Preslar v. Commissioner*, 14 F.3d 1107, 1113 (6th Cir. 1994); *Emory v. Sullivan*, 936 F.2d 1092, 1094-95 (10th Cir. 1991); *Pineault v. Commissioner*, 848 F.2d 9, 11 (1st Cir. 1988); *Renner v. Heckler*, 786 F.2d 1421, 1424-25 (9th Cir. 1986); *Tom v. Heckler*, 779 F.2d 1250, 1256-57 (7th Cir. 1985); *Smith v. Sullivan*, 799 F. Supp. 659, 664-65

7

(N.D. Tex. 1992). We agree. As of September 29, 1994, McQueen was "close to retirement age" for purposes of 20 C.F.R. § 404.1563(d). With respect to disability benefits denied McQueen after that date, the ALJ's decision cannot stand because it includes no finding that McQueen possessed highly marketable skills.

V

The ALJ's decision, which the Commission adopted, failed to treat McQueen as "close to retirement age" and denied McQueen's disability benefits without a finding that he possessed "highly marketable" skills. Thus, as to the time after McQueen's 60th birthday, the Commission's determination was not supported by substantial evidence. In fact, nothing in the record would support a finding that McQueen possessed highly marketable skills. The district court had the power, based upon the pleadings and transcript, to reverse the Commissioner's judgment. *See* 42 U.S.C. § 405(g). A court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.; see Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998) (where the ALJ mistakenly substituted his own expertise for that of physicians and failed to introduce other evidence, vacating the

8

judgment of the district court and remanding for calculation of benefits due unless the Commission could show to the district court new, material evidence *and* good cause for the failure to incorporate it). The Commission's disregard for its own standards concerning McQueen's advanced age does not constitute good cause for the failure to incorporate necessary evidence. Nor does the record evince any other good cause for that failure. Owing to the Commission's error, McQueen has been without disability benefits for years while his case wound its way to this Court. We now REVERSE the judgment of the district court and REMAND the case with instructions for the Commission to grant McQueen's application and to calculate the disability benefits due him pursuant to this opinion. *Cf. Emory*, 936 F.2d at 1095 (refusing to remand for further proceedings where the Commission failed to consider high marketability and probably could not sustain its burden of showing high marketability); *Western v. Harris*, 633 F.2d 1204, 1207 (5th Cir. Unit A 1982) (reversing the judgment of the district court where no substantial evidence in the record supported the ALJ's conclusion).

EMILIO M. GARZA, Circuit Judge, concurring in part and dissenting in part.

I concur with the majority that the district court erred in dismissing for lack of jurisdiction. McQueen exhausted his claim that, by virtue of being between ages 60 and 64, he is eligible for disability benefits unless his skills are found to be highly marketable. In a letter to the Appeals Council, his attorney contended:

> Furthermore, Interrogatories propounded to the vocational expert concerning sedentary jobs which Mr. McQueen could perform may have been based on erroneous information. In one of the questions, the Administrative Law Judge asked the vocational expert to determine if there would be any change once Mr. McQueen became fifty (50) years old. Obviously, this is an error on the part of the vocational expert, because Mr. McQueen was sixty (60) years old at the time the Interrogatories were propounded. Therefore, the information is invalid insofar as it relates to Mr. McQueen's ability to perform work.

This argument clearly was inspired by 20 C.F.R. § 404.1563(d) (1998), which states, in part, "If you are close to retirement age (60-64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable." In overruling the objection to the Administrative Law Judge's interrogatory, the Appeals Council also effectively rejected the position implicit in the objection that McQueen was entitled to disability benefits based on this portion of § 404.1563(d). McQueen, therefore, exhausted his claim that he cannot be denied disability benefits without a

finding that he possesses highly marketable skills.[2]  The
district court was mistaken in reaching the contrary conclusion
and dismissing for lack of jurisdiction.

I also agree that, having found jurisdiction, we should
proceed to address McQueen's challenge to the denial of his
application for disability benefits, which the district court
never reached.  We usually "remand a case where the lower court
has not considered a pertinent issue."  *In re Hronek,* 563 F.2d
296, 298 (6th Cir. 1978).  We depart from this practice when
sound judicial administration calls for doing so.  *See Grosso v.
United States,* 390 U.S. 62, 70-72, 88 S. Ct. 709, 715, 19 L. Ed.
2d 206, ___ (1968); *Levin v. Mississippi River Fuel Corp.,* 386
U.S. 162, 169-170, 87 S. Ct. 927, 932, 17 L. Ed. 2d 834, ___
(1967).  This appeal, as it now stands, presents such an
instance.  Whether or not the Commissioner was required to find
that McQueen's skills are highly marketable before denying
disability benefits is a question of law.  Because we stand in as
good a position as the district court to decide this issue, we do
so rather than remand.  *See Morel v. Sabine Towing & Transp. Co.,*
669 F.2d 345, 346 (5th Cir. 1982) (addressing question raised for

---

2.   A claimant exhausts when the Commissioner of Social
Security ("Commissioner") makes a final decision on his claim.
*See* 42 U.S.C. § 405(g).  The Commissioner identifies the Appeals
Council's decision as an event that constitutes his final
decision.  *See* 20 C.F.R. § 404.981 (1998) (providing that the
Appeals Council's decision triggers the period for the claimant
to seek judicial review).

first time on appeal because it "is a matter of law and a remand solely for its consideration is neither in the interest of justice nor judicial economy"); *see also Grosso,* 390 U.S. at 70-72, 88 S. Ct. at 715, 19 L. Ed. 2d at ___ (disposing of issue petitioner had failed to raise because holdings in the case and in another one dictated the outcome).

Like the majority, I conclude that the Commissioner's final decision was reversible error.[3] The Commissioner was obliged to find that McQueen's skills are highly marketable before denying disability benefits for the period starting on September 29, 1994,[4] when McQueen turned age sixty.[5] As he did not, part of

_____

3.    We review "whether (1) the [final] decision is supported by substantial evidence and (2) proper legal standards were used to evaluate the evidence." *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995) (per curiam).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842, ___ (1971) (quoting *Consolidated Edison Co. of N.Y. v. National Labor Relations Bd.,* 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126, ___ (1938)).

4.    McQueen claims that he was entitled to disability benefits beginning on September 10, 1992.

5.    The Commissioner uses a five-step sequential process to decide if a claimant qualifies for disability benefits. *See* 20 C.F.R. § 404.1520(b)-(f) (1998).  At the last stage))the one at issue here))he must grant benefits unless he proves that the claimant is unable to do any work done in the past because of a severe impairment and cannot perform other work. *See id.* § 404.1520(f); *Bowling v. Shalala,* 36 F.3d 431, 435 (5th Cir. 1994).  His success at showing the ability to do other jobs turns on the claimant's age, education, past work experience and residual functional capacity. *See* 20 C.F.R. § 404.1520(f) (1998).

his final decision was not supported by substantial evidence. *See Kerns v. Apfel,* 160 F.3d 464, 466-69 (8th Cir. 1998); *Emory v. Sullivan,* 936 F.2d 1092, 1094-95 (10th Cir. 1991); *Pineault v. Secretary of Health & Human Servs.,* 848 F.2d 9, 10-11 (1st Cir. 1988) (per curiam); *Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 781-82 (6th Cir. 1987); *Renner v. Heckler,* 786 F.2d 1421, 1424-25 (9th Cir. 1986) (per curiam); *Tom v. Heckler,* 779 F.2d 1250, 1256-57 (7th Cir. 1985). This shortcoming dictates reversal of his rejection of McQueen's application.

I, however, disagree with the majority's award of disability benefits to McQueen. When the evidence is not substantial, we remand with the instruction to make an award if the record enables us to determine definitively that the claimant is entitled to benefits. *See Ferguson v. Schweiker,* 641 F.2d 243, 250 n.8 (5th Cir. Unit A Mar. 1981) (citing *Johnson v. Harris,* 612 F.2d 993, 998 (5th Cir. 1980) (per curiam)); *see also Rini v. Harris,* 615 F.2d 625, 627 (5th Cir. 1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). We otherwise remand to the Commissioner to take additional evidence. *See Ferguson,* 641 F.2d at 250 n.8 (citing *Johnson*).

We should not grant disability benefits to McQueen. We cannot make a definitive determination on his application now

-13-

because none of the findings go to whether or not his skills are highly marketable.[6]  In light of this circumstance, we should remand to the Commissioner to take  additional evidence.[7]  *See Kerns,* 160 F.3d at 469; *Pineault,* 848 F.2d at 11; *Varley,* 820 F.2d at 782; *Tom,* 779 F.2d at 1257.

Accordingly, I concur in part and dissent in part.

---

6.  I agree with the definition of highly marketable skills given in *Preslar v. Secretary of Health and Human Services,* 14 F.3d 1107, 1112-13 & n.2 (6th Cir. 1994).

7.  I appreciate that allowing the Commissioner to take additional evidence would prolong a dispute that has lasted more than five years.  To counteract this situation, I would urge the Commissioner to expedite his consideration, giving final resolution of McQueen's application highest priority.  *See Parks v. Harris,* 614 F.2d 83, 84-85 (5th Cir. 1980).