IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50121
Summary Calendar
_____

ALICE ROSAS,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL
SECURITY,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-93
- - - - - - - - - -

July 15, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Alice Rosas appeals the district court's affirmance of the Social Security Commissioner's decision to deny her disability insurance benefits under the Social Security Act.  She argues that the administrative law judge ("ALJ") failed to follow instructions contained in a remand order issued by the Appeals Council and that the ALJ improperly applied a "no evidence" standard to his determination of the onset date of her disability.  We review the ALJ's decision to deny benefits by

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining (1) whether the ALJ applied the correct legal standards and (2) whether his decision is supported by substantial evidence. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994).

Rosas' contention that the ALJ erred by failing to comply with several instructions by the Appeals Council is administratively barred, because she failed to raise such claims in her second request for review by the Appeals Council. See McQueen v. Apfel, 168 F.3d 152, 155 (5th Cir. 1999). Assertions by Rosas that the ALJ improperly discredited opinions by her treating and consultative physicians on her disability-onset date are meritless, because those doctors made no suggestion that she was disabled on or before December 31, 1990, the date when her disability-insured status expired. Rosas' contention that the ALJ applied a "no evidence" standard is also meritless; the record reflects only that the ALJ determined that "no evidence" supported a finding of disability on or before December 31, 1990. We interpret the finding in question not as the application of an improper evidentiary standard but as a mere factual determination, a determination that was supported by substantial evidence.

The ALJ applied correct legal standards, and his decision was based upon substantial evidence.

AFFIRMED.