IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30844
Summary Calendar
_____

PEARL COLLINS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1073
- - - - - - - - - -

September 10, 1999

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Pearl Collins appeals the district court's affirmance of the Social Security Commissioner's decision denying disability benefits and dismissing her complaint with prejudice. She also appeals the denial of her motion for new trial.

Collins argues that she would have been found disabled under the medical-vocational guidelines (grids) at age 55[**], and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(d).

because she turned 55 while the case was pending before the Appeals Council, the Appeals Council should have put her into payment status as of her 55th birthday on November 19, 1996. Collins did not raise this argument before the Appeals Council. Nor did she raise it in her initial complaint in the district court, or in her motion for summary judgment, both of which were filed after her 55th birthday. She did, however, raise the argument in her reply brief, filed in response to the brief in support of the Commissioner's decision. After the district court failed to address the argument in its opinion affirming the decision of the Commissioner, Collins made it the basis of a motion for new trial. The trial court denied the motion without considering whether it had been properly raised. Because the issue cannot be characterized as "an expansion of the general rationale proffered in support of the appeal," it has not been administratively exhausted, and this court will not consider it. See McQueen v. Apfel, 168 F.3d 152, 155 (5th Cir. 1999). Collins is free to file another claim for benefits and to assert her age as a basis for disability.

Collins contends that the ALJ should not have used the medical-vocational guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("grids") in finding her not disabled, and determining that there is work in the national economy that Collins can perform despite her disability. Collins contends that her mental impairment is a significant, nonexertional impairment that precludes the application of the grids.

The ALJ took into account Collins' testimony regarding pain, blackouts, and her mental status and treatment and found that they did not affect her residual functional capacity.  Since the Commissioner found that Collins' impairments were all exertional, and that she had no significant nonexertional limitations which narrowed the range of work she could perform, use of the grids was appropriate.  See Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

Collins argues that the Appeals Council failed to accord adequate weight to the opinion of her treating physician, Dr. Ryder, who conducted her mental residual functional capacity assessment.  Dr. Ryder's report was not before the ALJ, but was presented to the Appeals Council as additional evidence.  In addition, there is no evidence in the record that Dr. Ryder was one of Collins' treating physicians.  His contact with her was through the Volunteers of America program.

The ALJ considered Collins' history of depression dating back to 1990, and her complaints of "nerves."  The ALJ concluded, however, that there was "no evidence of any thought disorder which would impair her ability to function in the work place."  The subsequent medical evidence is not to the contrary, as Dr. Ryder's evaluation does not contain a finding that Collins is incapable of some type of work.  In fact, Dr. Ryder noted "no current evidence" of anxiety attacks that would inhibit appropriate social interaction.  He also found Collins to be "moderately functional," with "the desire to work and improve." Thus, even considering Dr. Ryder's report, the ALJ's decision was

supported by substantial evidence.  Collins' argument lacks merit.

The Commissioner's decision to deny benefits on the basis that Collins was not disabled is supported by substantial evidence.  The district court did not err in affirming that decision.  Nor did the district court err in denying Collins' motion for new trial based on her age.

AFFIRMED.