IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31056
Summary Calendar
_____

GERTRUDE ROBINSON,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-126-J

_____

May 18, 2000

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gertrude Robinson appeals an adverse judgment in her action under 42 U.S.C. § 405(g) seeking review of the Commissioner's denial of her request for Supplemental Security Income benefits. Robinson did not object to the magistrate judge's recommendation that the district court enter judgment for the Commissioner. Accordingly, we review to determine whether the district court plainly erred in its determination that the Commissioner's denial of benefits is supported by substantial

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in the record, and that the Commissioner applied the proper legal standards in evaluating that evidence.[2]

The Social Security regulations do not support Robinson's contention that the undisputed medical evidence that she has bilateral carpal tunnel syndrome necessarily dictates a finding of disability.[3] The medical evidence does not establish that Robinson has a "loss of major function" in both hands, necessary for a finding of disability under § 1.09(A).

We do not address Robinson's contentions that the ALJ misstated her history of mental health treatment; that her depression is a disabling condition under the Social Security regulations; and that the ALJ failed to consider whether the combination of depression and bilateral carpal tunnel syndrome constituted disabling multiple impairments. These matters were not raised before the Appeals Council and a review of the record does not convince us that we should nonetheless exercise jurisdiction over them.[4]

Finally, Robinson's claim that the regulations dictate a finding that she is unemployable because she lacks bilateral manual dexterity is manifestly without merit.

AFFIRMED.

---

[2]Greenspan v. Shalala, 38 F.3d 232 (5th Cir. 1994); Kinash v. Callahan, 129 F.3d 736 (5th Cir. 1997).

[3]See 20 C.F.R. pt. 404, subpt. P. app. 1, § 1.09(A).

[4]McQueen v. Apfel, 168 F.3d 152 (5th Cir. 1999); Paul v. Shalala, 29 F.3d 208 (5th Cir. 1994).