IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30150
Summary Calendar
_____


ORIE W. MCQUEEN,

                                        Plaintiff-Appellant,

versus

LARRY G. MASSANARI,
ACTING COMMISSIONER OF SOCIAL
SECURITY

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1535
--------------------
September 5, 2001

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     This is Orie McQueen's second appeal to this court.  In his
first appeal, McQueen contested the district court's denial of
social security disability benefits.  McQueen v. Apfel, 168 F.3d
152, 153 (5th Cir. 1999).  This court reversed and remanded with
instructions to award McQueen disability benefits on the grounds
that the district court employed an improper standard in
evaluating McQueen's claims.  Id. at 156.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Now, on appeal following remand, McQueen challenges the district court's denial of his attorney's fees incurred in prosecuting the underlying proceedings pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412 (d)(1)(A). The EAJA mandates an award for attorney's fees if three factors exist: 1) the claimant is a "prevailing party;" 2) the position of the United States was not "substantially justified;" and 3) there are no special circumstances that make an award unjust. Sims v. Apfel, 238 F.3d 597, 599-600 (5th Cir. 2001). The scope of reviewing government action for "substantial justification" comprises a review of agency action or inaction upon which the civil action for attorney's fees is sought. 28 U.S.C. § 2412 (d)(1)(B); Sims, 238 F.3d at 602; Herron v. Bowen, 788 F.2d 1127, 1130 (5th Cir. 1986). Reasonableness is the crux of the substantial justification standard. Herron, 788 F.2d at 1132. The government bears the burden to demonstrate that its position was substantially justified at every stage of the proceedings. Id. at 1130.

In McQueen's case, the underlying action of the Social Security Administration falls short of meeting the test of reasonableness for "substantial justification." The underlying action of the Administration began with an erroneous hypothetical that the ALJ posed to a vocational expert at McQueen's administrative hearing. McQueen, 168 F.3d at 155. While this error triggered the use of the wrong standard, the further inaction of the Social Security Appeals Council justifies an award of attorney's fees under the EAJA. During McQueen's appeal

to the Council, he apprised the Council of the defective age hypothetical. McQueen, 168 F.3d at 155. We held that although McQueen did not specifically reference the federal guideline for the "highly marketable" standard, his

defective age hypothetical constituted an "expansion of the general rationale" of the improper standard argument. Id. Moreover, the Council's refusal to consider the new evidence regarding the improper hypothetical constituted a disregard for federal guidelines. See 20 C.F.R. § 404.976 (b)(requiring the Appeals Council to consider any new evidence timely brought before the Council). We also held that "the Commission's disregard for its own standards concerning McQueen's advanced age does not constitute good cause for the failure to incorporate necessary evidence. Nor does the record evince any other good cause for that failure." McQueen, 168 F.3d at 156.

Therefore, we conclude that in this case the government's position was not substantially justified. Accordingly, this case must be REVERSED and REMANDED for the district court to award attorney's fees pursuant to the EAJA.

REVERSED AND REMANDED.