IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50565
Summary Calendar
_____

SALLY BARNES,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(SA-01-CV-613)
- - - - - - - - - -
January 2, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sally Barnes appeals the district court's affirmance of the Social Security Commissioner's decision to deny her disability insurance benefits under the Social Security Act.

Barnes contends that the Commissioner's decision was not supported by "substantial evidence"; specifically, that the Administrative Law Judge ("ALJ") erred in determining that her impairments did not meet or equal the listing at 11.14, 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Pt. 404), for "peripheral neuropathies." That listing requires a showing of "[s]ignificant

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and persistent disorganization of motor function in two extremities." The isolated reference by one treating physician to the need for surgery for cubital tunnel syndrome in "both arms" was not sufficient to show the severity required by the regulation for Barnes's right arm and hand. Barnes failed to sustain her burden of proof with respect to this step of the Commissioner's five-step sequential analysis. See Sullivan v. Zebley, 493 U.S. 521, 531-32 (1993); McQueen v. Apfel, 168 F.3d 152, 154 (5th Cir. 1999).

For the first time on appeal, Barnes conclusionally asserts that the ALJ failed to address, at the fifth step of sequential analysis, whether she could maintain "proffered alternative employment." We do not ordinarily review issues raised for the first time on appeal. Chambliss v. Massanari, 269 F.2d 520, 523 (5th Cir. 2001). "In exceptional circumstances, we may, in the interests of the justice, review an issue that was not raised in the district court." Kinash v. Callahan, 129 F.3d 736, 738 n.10 (5th Cir. 1997). Barnes has not established "exceptional circumstances"; indeed, she has not even countered the alternative jobs proffered by the vocational expert with proof that she cannot in fact perform or maintain such jobs. See Boyd v. Apfel, 239 F.3d 698, 705 (5th Cir. 2001).

The decision of the district court is
AFFIRMED.