United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31052
Summary Calendar
_____


GREGORY BUTLER,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1805
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gregory Butler appeals the district court's judgment affirming the Commissioner's decision denying his application for Supplemental Security Income ("SSI"). In reviewing the Commissioner's decision to deny SSI, this court must determine whether there is substantial evidence in the record to support it and whether the proper legal standards were used in evaluating the evidence. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1994).

Butler argues that the administrative law judge (ALJ) failed to consider the opinions of the state consulting physician that he could perform only sedentary work or the evidence that he could not stand or walk for six hours in an eight-hour work day. He argues that there was not substantial evidence to support the finding that he could perform a full range of light work or his past relevant work as a dishwasher.

"[A]dministrative law judges must consider findings of State agency medical . . . consultants . . . as opinion evidence." See 20 C.F.R. § 404.1527(f)(2)(i). In determining disability, the ALJ must also accord considerable weight to the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses. Loza v. Apfel, 219 F.3d 378, 395 (5th Cir. 2000). An ALJ may not reject a medical opinion without explanation and must show good cause for doing so. Loza, 219 F.3d at 395; Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001).

The ALJ failed to show good cause for rejecting the opinions of all the physicians who treated and/or examined Butler with respect to his residual functional capacity. There was no medical opinion or evidence submitted reflecting that, after Butler had two and one-half toes amputated from his left foot, he could perform work requiring standing or walking for six-hour periods during an eight-hour work day. Thus, there was not substantial medical

2

evidence in the record to support the ALJ's determination that Butler could perform a full range of light work or his past relevant work as a dishwasher.  See 20 C.F.R. §§ 404.1520(e), 404.1567(b); Lawler v. Heckler, 761 F.2d 195, 198 (5th Cir. 1985).

The judgment of the district court is VACATED and the case is REMANDED to the district court with instructions to return the case to the Commissioner for reconsideration of Butler's residual functional capacity and a determination whether there are jobs existing in the economy that Butler has the residual functional capacity to perform.

Butler's argument that his mental impairment should have been considered by the ALJ in determining whether he was disabled was not raised in his appeal presented to the Appeals Council.  The court will not review a claim that has not been administratively exhausted.  See McQueen v. Apfel, 168 F.3d 152, 155 (5th Cir. 1999).

Butler's argument that there was no evidence that the ALJ considered Butler's ability to work on a sustained basis was not raised in the district court.  Thus, this argument is not subject to review. Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987).

VACATED AND REMANDED.