# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Lyle W. Cayce
Clerk

No. 13-31065
Summary Calendar

LAWRENCE HALLARON, III,

Plaintiff–Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2051

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Lawrence Hallaron, III, appeals the district court's dismissal of his complaint challenging an adverse decision of the Acting Commissioner of Social Security (Commissioner).  We reverse and remand.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31065

I

In 1989, an Administrative Law Judge (ALJ) found Hallaron disabled and entitled to supplemental security income under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381 *et seq.*, effective 1987.[1] The Commissioner conducts periodic continuing disability reviews (CDRs) to determine whether recipients remain entitled to benefits.[2] Absent certain exceptions not relevant to this case, 42 U.S.C. § 1382c(a)(4)(A) provides that the Commissioner may only cease providing benefits if substantial evidence demonstrates both that there has "been any medical improvement in the individual's impairment" and that "the individual is now able to engage in substantial gainful activity."[3] Agency regulations define "medical improvement" as "any decrease in the medical severity of [the recipient's] impairment(s) which was present at the time of the most recent favorable medical decision that [he or she was] disabled or continued to be disabled."[4] Because the medical improvement determination requires examination of the "most recent favorable medical decision," agency regulations provide a procedure in the event the file regarding that decision cannot be located. 20 C.F.R. § 416.994(b)(2)(iv)(E) provides:

> If the prior file cannot be located, we will first determine whether you are able to now engage in substantial gainful activity based on all your current impairments. . . . If you are able to engage in substantial gainful activity, we will determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to our most recent favorable medical decision (e.g., work history, medical evidence from treating sources and the results of consultative examinations). This determination will

---

[1] R. at 52, 687.

[2] *See* 20 C.F.R. § 416.990.

[3] 42 U.S.C. § 1382c(a)(4)(A).

[4] 20 C.F.R. § 416.994(b)(1)(i).

2

consider the potential availability of old records in light of their age, whether the source of the evidence is still in operation, and whether reconstruction efforts will yield a complete record of the basis for the most recent favorable medical decision. If relevant parts of the prior record are not reconstructed either because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found.[5]

In 1997, a continuing disability review of Hallaron resulted in a determination that his disability continued (the 1997 CDR).[6] A second continuing disability review in 2009, however, found that Hallaron's disability had ceased.[7] A state hearing officer upheld the cessation of benefits.[8] Hallaron sought review of the decision before an ALJ. The ALJ found that "the file containing the evidence utilized in the most recent favorable decision [i.e., the 1997 CDR] could not be located" and that "[c]urrent review of all documentation in the available files does not yield a clear indication of the evidence or conclusion on which the most recent favorable determination was based."[9] Rather than decide whether an attempt should be made to reconstruct the file, however, the ALJ proceeded to examine whether "there is evidence of current disability."[10] Finding that Hallaron was not disabled, the ALJ affirmed the cessation of benefits.[11]

---

[5] *Id.* § 416.994(b)(2)(iv)(E).

[6] R. at 52, 687.

[7] R. at 52, 687.

[8] R. at 52, 687.

[9] R. at 53.

[10] R. at 53.

[11] R. at 64.

No. 13-31065

Following the Appeals Council's denial of review, Hallaron filed the instant suit.[12]  The district court denied Hallaron's motion for summary judgment and dismissed his complaint with prejudice.[13]  The court concluded, *inter alia*, that, while medical improvement cannot be found when the Commissioner is unable to locate the recipient's most recent favorable determination, such a finding is not a condition precedent to the cessation of benefits.[14]  Rather, in such an instance, the Commissioner is permitted to examine the recipient's condition as though he is filing a new application.[15]  This appeal followed.

## II

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard."[16]  The Commissioner concedes that both the district court and the ALJ erred in terminating Hallaron's benefits.[17]  We agree.  As previously noted, the Act specifically states that, absent exceptions not relevant here,[18] a claimant's benefits may be terminated only if substantial evidence demonstrates *both* that "there has been any medical improvement" *and* that

---

[12] R. at 4-5, 687.

[13] R. at 738.

[14] R. at 732-34.

[15] R. at 732-34; *see also* R. at 707-709.

[16] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)); *see also* 42 U.S.C. § 405(g).

[17] Commissioner's Br. 15.

[18] *See* 42 U.S.C. § 1382c(a)(4) ("Nothing in this paragraph shall be construed to require a determination that an individual receiving benefits based on disability under this subchapter is entitled to such benefits if the prior determination was fraudulently obtained of if the individual is engaged in substantial gainful activity, cannot be located, or fails, without good cause, to cooperate in a review of his or her entitlement . . . .").

4

No. 13-31065

"the individual is now able to engage in substantial gainful activity."[19]  This plain language unequivocally dictates that benefits may not be terminated without a finding of medical improvement.  As the district court recognized, "20 C.F.R. § 416.994(b)(2)(iv)(E) precludes a finding of medical improvement when the file upon which the claimant's most recent favorable determination of benefits was based cannot be found and is not reconstructed."[20]

Although the ALJ found that "the file containing the evidence utilized in the most recent favorable decision could not be located," the ALJ proceeded to analyze Hallaron's entitlement to benefits based upon "whether there [was] evidence of current disability."[21]  The ALJ did not consider whether there was any medical improvement since the most recent favorable decision in 1997 or whether an attempt should be made to reconstruct the file pertaining to the 1997 CDR.[22]  Accordingly, the Commissioner's decision was based on the application of an improper legal standard, and the district court erred in dismissing Hallaron's complaint.

### III

Although the parties agree that the district court and ALJ erred, they differ on the proper relief.  Hallaron asserts that we should reverse the district court and order the Commissioner to reinstate Hallaron's benefits because the law clearly requires the continuation of benefits.[23]  By contrast, the Commissioner asks that we instruct the district court to reverse the ALJ's

---

[19] 42 U.S.C. § 1382c(a)(4)(A).

[20] R. at 732; 20 C.F.R. § 416.994(b)(2)(iv)(E) ("If relevant parts of the prior record are not reconstructed either because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found.").

[21] R. at 53.

[22] R. at 53.

[23] Hallaron Br. 31; Hallaron Reply Br. 4-8.

decision and remand for a rehearing pursuant to 42 U.S.C. § 405(g).[24]  The Commissioner argues that such relief is appropriate because the ALJ never determined whether an attempt should be made to reconstruct or locate the 1997 CDR file, a procedure that, as discussed, 20 C.F.R. § 416.994(b)(2)(iv)(E) requires.[25]  On remand, the Commissioner argues, the ALJ will have the opportunity to make such a determination.  If the file can be reconstructed, the ALJ will be able to make the comparison the regulations mandate; if not, Hallaron's benefits will be continued, and the new ALJ decision will serve as the comparison-point decision for future CDRs.[26]

We agree that a remand to the Commissioner is appropriate.  "If the record before the agency does not support the agency action [or] if the agency has not considered all relevant factors, . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[27]  Hallaron does not dispute this general principle but argues that it does not apply in this case because the ALJ "already weighed the evidence, performed the evaluation that the law requires, and issued a decision."[28]  We disagree.  The ALJ did not make a determination of "whether an attempt should be made to reconstruct those portions of the missing file that were relevant to [the] most recent favorable medical decision."[29]  The ALJ did not "consider the potential availability of old records in light of their age,

---

[24] Commissioner Br. 10.

[25] Commissioner Br. 10-12.

[26] Commissioner Br. 18-19.

[27] *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

[28] Hallaron Reply Br. 5.

[29] 20 C.F.R. § 416.994(b)(2)(iv)(E); *see* R. at 53.

whether the source of the evidence is still in operation, and whether reconstruction efforts will yield a complete record of the basis for the most recent favorable medical decision."[30]  The ALJ merely determined that the file could not be located and that there was not a "clear indication" of the evidence on which the most recent favorable determination was based.[31]  As a result, this is not a case in which the record clearly establishes that the claimant is entitled to benefits or one in which his entitlement turns on a pure question of law.[32]  Rather, Hallaron's entitlement to benefits depends on further factual development and the application of a standard that the Commissioner is best placed to apply.

\*      \*      \*

For the foregoing reasons, the judgment of the district court is REVERSED.  This case is REMANDED with instructions to vacate the Commissioner's decision and remand for proceedings consistent with this opinion.

---

[30] 20 C.F.R. 416.994(b)(2)(iv)(E); *see* R. at 53.

[31] R. at 53.

[32] *Cf. Siwe v. Holder*, 742 F.3d 603, 612 (5th Cir. 2014) (declining to remand a purely legal question to the agency after it had had two opportunities to address it); *McQueen v. Apfel*, 168 F.3d 152, 156 (5th Cir. 1999) (declining to remand when "nothing in the record would support a finding that" the claimant was not entitled to benefits).